**NELSON & ROBERTSON PTY., Ltd., Plaintiff**

**v.**

**U SUK KO, O.O. ENTERPRISES, and DOES I-V, Defendants**

High Court of American Samoa
Trial Division

CA No. 85-90

April 4, 1991

■■■■■■■■■■

Before REES, Associate Justice, LOGOAI, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiff, John L. Ward II
For Defendants U Suk Ko and O.O. Enterprises, Charles V. Ala'ilima

On Motion for Summary Judgment:

Plaintiff has submitted affidavits and balance sheets showing that defendant O.O. Enterprises is indebted to plaintiff in the amount of A$8,567.97. Defendant O Suk Ko has submitted an affidavit which does

12

not deny the particular transactions giving rise to the indebtedness but which, construing it in the light most favorable to defendants, suggests that certain earlier transactions between the parties may or may not--the affiant is not sure--have partly or wholly offset this indebtedness.

On the *evidence* before us, and construing this evidence in the light most favorable to defendants, there remains no material issue of fact for resolution. Plaintiff has proved the only debt it seeks to collect, and defendants have presented no evidence to support their suggestion that they may be entitled to offsets. Judgment will therefore enter in favor of plaintiff against defendant O.O. Enterprises. If plaintiff is indebted to defendants or to any one of them, on account of other transactions, defendant(s) are and remain entitled to bring a separate action to recover this debt.

Summary judgment will not enter against defendant O Suk Ko in his individual capacity. Although the complaint alleges in the alternative that defendant O.O. Enterprises is either a partnership or a corporation, defendants allege in their answer that it is a corporation. We have been presented with no evidence on whether O.O. Enterprises is in fact a corporation or on whether, if it is a corporation, its president, O Suk Ko, should be held personally liable for the debt that is the subject of this action. Plaintiff remains free, of course, to present such evidence in the future course of this proceeding.

We take judicial notice that the Pago Pago branch of the Bank of Hawaii will exchange, as of today, April 4, 1991, $1.25 in Australian dollars for every United States dollar presented. Judgment will therefore enter in favor of the plaintiff and against defendant O.O. Enterprises in the amount of US$6,926.38 and for court costs of $60, for a total of US$6,986.38, to bear interest at the legal rate of six percent per annum. To avoid further difficulties having to do with exchange rates, this judgment may be satisfied only by payment of the requisite amount into the registry of the Court by cash or cashier's check, unless the plaintiff should choose to accept some other form of payment.

It is so ordered.